OPINION
{¶ 1} Appellant Michael E. Richards appeals a judgment of theStark County Common Pleas Court convicting him of three counts ofaggravated robbery with firearm specifications (R.C. 2911.01 (A)(1)), andone count of felonious assault with a firearm specification (R.C.2903.11(A)(1)), upon a plea of guilty:
 {¶ 2} "I. THE TRIAL COURT COMMITTED PLAIN ERROR IN FAILING TO SATISFY THE STATUTORY REQUIREMENTS FOR IMPOSING CONSECUTIVE SENTENCES.
 {¶ 3} "II. THE TRIAL COURT COMMITTED PLAIN ERROR IN IMPOSING CONSECUTIVE SENTENCES FOR DUPLICATE CHARGES.
 {¶ 4} "III. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT ENTERED A JUDGMENT OF CONVICTION AND SENTENCED THE DEFENDANT ON ALLIED OFFENSES OF SIMILAR IMPORT IN VIOLATION OF R.C. 2941.25 AND ALSO IN VIOLATION OF THE STATE AND FEDERAL PROHIBITIONS AGAINST THE IMPOSITION OF MULTIPLE PUNISHMENTS AS SET FORTH IN THE DOUBLE JEOPARDY CLAUSE.
 {¶ 5} "IV. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO APPELLANT'S CONSECUTIVE PRISON TERMS AT THE SENTENCING HEARING."
 On November 14, 2001, appellant and his co-defendants, Victor Millerand Jesse Thomas DelGado, participated in an armed robbery of Ferraro'sRestaurant in Canton, Ohio. During the course of the robbery, appellantbroke the jaw and injured the eyes of an individual he robbed in therestaurant. On December 14, 2001, appellant was indicted by the StarkCounty Grand Jury with three counts of aggravated robbery with firearmspecifications, and on one count of felonious assault.
 {¶ 6} On January 30, 2002, appellant pled guilty to the charges inthe indictment. The court conducted a combined plea and sentencinghearing. Appellant admitted to the trial court that he was on felonyprobation at the time of the offenses, and that he understood the pleacould result in revoking such probation.
 {¶ 7} The court sentenced appellant to a determinate nine yearprison term for the first count of aggravated robbery, and to adeterminate term of six years incarceration on each of the remainingcounts of aggravated robbery. The two six-year terms were to runconcurrently to each other, and consecutively to the nine year term. Thecourt sentenced appellant to a determinate seven year term ofincarceration for felonious assault, to run consecutively to the otherterms. Finally, the court merged the firearm specifications and sentencedappellant to serve a determinate term of three years incarceration, priorto and consecutively to the other prison terms. The aggregate sentencewas a determinate term of twenty-five years.
 I {¶ 8} Appellant first argues that the court did not satisfy thestatutory requirements for imposing consecutive sentences.
 {¶ 9} Upon reviewing a sentence, we may increase, reduce, orotherwise modify a sentence only if we find by clear and convincingevidence that the record does not support the sentence, or that thesentence is otherwise contrary to law. R.C. 2953.08(G)(2).
 To impose consecutive terms, the trial court must comply with R.C.2929.14.(E)(4). The court must find that consecutive service is necessaryto protect the public from future crime or to punish the offender, andthat consecutive sentences are not disproportionate to the seriousness ofthe offender's conduct and the danger the offender poses to the public.Id. Further, the court must find that the offender committed the multipleoffenses while the offender was awaiting trial or sentencing, or wasunder post-release control for a prior offense; the harm caused by theoffenses was so great or unusual that a single prison term would notadequately reflect the seriousness of the offender's conduct; or that theoffender's history of criminal conduct demonstrates that consecutivesentences are necessary to protect the public from future crime by theoffender. Id.
 {¶ 10} In its sentencing entry, and on the record, the court madethe necessary findings pursuant to the statute. In the court's entry, thecourt found that for the reasons stated on the record, consecutivesentences are necessary to protect the public from future crime and topunish appellant, and were not disproportionate to the seriousness ofappellant's conduct and the danger appellant poses to the public. Thecourt found that appellant was under a post-release control sanction whenthe offenses were committed, and that his history of criminal conductdemonstrates that consecutive sentences are necessary to protect thepublic from future crime. Judgment Entry, Change of Plea and SentenceImposed, February 6, 2002.
 During the sentencing hearing, the prosecutor read appellant's extensive criminal record, which included convictions in 1990 on 19 aggravated burglary counts, and a conviction in 2000 of failing to comply with an order or signal of a police officer. The court noted on the record that appellant was incarcerated in 1990, just after he became an adult, and served ten years. In 2000, he was released, and almost immediately found himself in prison again for one year. He was out of prison approximately six months before he was involved in the actions leading to the charges in the instant case. Appellant was on probation at the time he committed the instant offenses. The court found on the record that what appellant did in the instant case, was "practically right out of the wild, wild, west." Tr. 39-40. The court found that appellant went into a restaurant with a gun, and began smacking people with the gun, and shooting at objects in the restaurant. Tr. 39-40. Appellant also told the court that he wanted to go back to prison.
 {¶ 11} It is clear from the record that the court's finding thatconsecutive sentences were necessary to protect the public from futurecrime was supported by the record. Appellant had demonstrated apropensity to re-offend and was on probation at the time of the instantoffenses. Further, it is clear from appellant's colloquy with the courtthat he did not function well outside of the prison system, and wanted togo back to prison, indicating that consecutive sentencing was necessaryto protect the public from future crime by appellant. The firstassignment of error is overruled.
 II {¶ 12} Appellant argues that the court erred in imposingconsecutive sentences, as the indictment appeared to contain duplicatecharges.
 A plea of guilty constitutes a complete admission of guilt, and byentering a plea of guilty, the accused is not simply stating that he didthe acts described in the indictment; he is admitting guilt of asubstantive crime. State v. Barnett(1991), 73 Ohio App.3d 244, 248;United States v. Broce(1989), 488 U.S. 563, 570. A guilty plea rendersirrelevant all constitutional violations that are not logicallyinconsistent with the valid establishment of factual guilt. Menna v. NewYork(1975), 423 U.S. 61. A guilty plea waives procedural issues, exceptfor reviewing whether the record demonstrates that appellant wasimproperly coerced into entering a plea. State v. Kelley(1991),57 Ohio St.3d 127, 130. Specifically, this court has held that bypleading guilty, a defendant waives his right to challenge any defects inthe indictment. State v. Dannemiller (December 6, 1999), Stark AppellateNo. 1999-CA-00263.
 {¶ 13} By entering a plea of guilty, appellant has waived hisright to challenge the indictment and the Bill of Particulars. Appellantcannot attempt to attack the indictment and Bill of Particulars under theguise of claiming error in the sentencing procedure, as the crux ofappellant's assignment of error challenges the indictment and Bill ofParticulars.
 {¶ 14} The second assignment of error is overruled.
 III {¶ 15} In his third assignment of error, appellant argues that thecourt erred in sentencing him to terms of imprisonment for aggravatedrobbery and felonious assault, as they are allied offenses of similarimport. For the reasons stated in II above, by entering a plea ofguilty, appellant has waived his right to argue that the offenses ofaggravated robbery and felonious assault should have been merged.Further, felonious assault and aggravated robbery are not allied offensesof similar import, as a defendant can commit aggravated robbery withoutcommitting felonious assault, and vice versa. E.g., State v.Moore Cuyahoga Appellate No. 79353, 2002-Ohio-2133, at paragraph 50.
 {¶ 16} The third assignment of error is overruled.
 IV Appellant argues that his trial counsel was ineffective for failing toobject to consecutive sentences at the sentencing hearing.
 {¶ 17} To demonstrate ineffective assistance of counsel, adefendant must show that counsel's performance fell below an objectivestandard of reasonableness, and that he was prejudiced by suchperformance. Strickland v. Washington (1984), 466 U.S. 668, 687-689;State v. Bradley(1989), 42 Ohio St.3d 136, cert. denied (1990),497 U.S. 1011. To demonstrate prejudice, the defendant must show that butfor counsel's errors, the result of the proceeding would have beendifferent. Id.
 {¶ 18} Appellant has not demonstrated that the result of theproceeding would have been different had counsel objected to consecutivesentencing. As discussed earlier in this opinion, the court complied withall requirements for consecutive sentencing, and the offenses were notallied offenses of similar import. Further, the record of the pleahearing indicates that counsel negotiated a sentencing range forappellant of twenty to twenty-five years, a term agreed to andacknowledged by appellant at the plea hearing.
 {¶ 19} Appellant's fourth assignment of error is overruled.
 {¶ 20} The judgment of the Stark County Common Pleas Court isaffirmed.
Judgment affirmed.
Wise and Boggins, JJ., concur.
topic: consecutive sentencing — guilty plea.